**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **INDY MAC MORTGAGE SERVICES/ ONEWEST BANK, FSB, P.C.,** | * |
| Plaintiff, | * |
| v. | *    Case No.: PWG-15-3377 |
| **ELSIE WILLIAM-JUMBO,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Elsie William-Jumbo executed a promissory note to obtain a $576,000 loan, secured by a lien on her real property at 8110 River Park Drive, Bowie, MD 20715 (the "Property"). Deed of Trust, ECF No. 55. OneWest Bank, FSB was the secured party and loan servicer with regard to Defendant's mortgage loan on the Property. Notice of Intent to Foreclose, ECF No. 57. Defendant defaulted on her loan payments, *id.*, and Carrie M. Ward, Howard N. Bierman, Jacob Geesing, Pratima Lele, Tayyaba C. Monto, and Joshua Coleman, as Substitute Trustees, initiated a foreclosure action against her in the Circuit Court for Prince George's County, Maryland with regard to the Property.[1] Order to Docket, ECF No. 46. Defendant filed a Notice of Constitutional Challenges, asserting that her "Constitutional rights [had] been violated by the special laws in the Name of Foreclosure proceedings." ECF Nos. 17, 22.

---

[1] Although the Substitute Trustees were the plaintiffs in state court, Indy Mac Mortgage Services/Onewest Bank, FSB, P.C., a division of OneWest Bank, is listed as Plaintiff in this Court.

Defendant, who is proceeding *pro se*, removed to this Court after the Property was sold at a foreclosure sale and the state court ratified the foreclosure sale and the final accounting of the sale. ECF No. 11. I must determine whether this Court has subject matter jurisdiction over this foreclosure proceeding or whether it should be remanded to state court, as Plaintiff requests.[2] Neither Plaintiff nor the Substitute Trustees raised any federal questions in the state court proceedings against Defendant, and the Notice of Removal, ECF No. 1, and Order to Docket show that Defendant is a Maryland resident. I conclude that this Court lacks subject matter jurisdiction, and I remand this case.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States," pursuant to 28 U.S.C. § 1332(a). When a plaintiff files such an action in state court, the action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[2] Plaintiff filed a Motion to Dismiss and Remand, ECF No. 62, which I denied without prejudice when this case was stayed pending the outcome of the Chapter 13 bankruptcy case that Defendant filed, ECF No. 68. After the stay terminated, Plaintiff filed a request for a pre-motion conference, indicating that it would like to file a motion to remand this case to state court. ECF No. 71.

Defendant contends that this Court has jurisdiction because a federal question is presented; specifically, Defendant is "[s]eeking the enforcement of Title 12 USC 952a." Civ. Cover Sheet, ECF No. 1-1. Certainly, Defendant raised issues under the U.S. Constitution in state court in her Notice of Constitutional Challenges. But, neither Plaintiff nor the Substitute Trustees presented a federal question in state court. *See* Order to Docket; State Ct. Docket, ECF No. 3. Even if Defendant had properly pleaded a counterclaim that a federal law was violated, it would not give rise to federal question jurisdiction, because "'the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557)). Moreover, it is evident from the Order to Docket and the state court docket that this case is an *in rem* foreclosure action in Prince George's County, Maryland. *See* Order to Docket; State Ct. Docket. Therefore, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331.

Nor does this Court have diversity jurisdiction. It is undisputed that Defendant is a Maryland citizen and the removed action was brought in Maryland. *See* Notice of Removal; Order to Docket. Therefore, Defendant could not remove this case to federal court properly. *See* 28 U.S.C. § 1441(b)(2).

Simply put, this is an *in rem* foreclosure action concerning Maryland real property brought against a Maryland resident in Maryland, and no basis exists for federal question or diversity jurisdiction. Because this Court lacks subject matter jurisdiction, I will remand this case to the Circuit Court for Prince George's County. *See* 28 U.S.C. § 1447(c).

Accordingly, it is, this <u>10th</u> day of <u>June</u>, <u>2016</u>, hereby ORDERED that the Clerk IS DIRECTED to remand this case to the Circuit Court for Prince George's County, Maryland, and to close this case.

          /S/
Paul W. Grimm
United States District Judge

lyb